**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

DIETRICH BUILDING SYSTEMS, INC.
n/k/a WORTHINGTON MID-RISE
CONSTRUCTION, INC.,

        Petitioner,

    v.

EAST COAST CONSTRUCTION SERVICES
CORP.,

        Respondent.

Civil Action No. 1:08-cv-04800-SHS

## PETITION TO CONFIRM ARBITRATION AWARD

1.      Petitioner, Dietrich Building Systems, Inc., now known as Worthington Mid-Rise Construction, Inc. ("Dietrich"), by and through its counsel, respectfully petitions the Court to confirm the Final Award of Arbitration entered on March 26, 2008, by William B. Flynn, an American Arbitration Association arbitrator, regarding the award of $123,342.34 in attorneys' fees, costs and expenses and $6,955.00 in compensation and expenses for the arbitration proceedings to Dietrich.

2.      The basis for federal jurisdiction in this case is diversity jurisdiction pursuant to 28 U.S.C. §1332. The parties in this matter are citizens of different states, and the amount in controversy exceeds $75,000.

        (a)    East Coast Construction Services Corp ("East Coast") is a business entity organized and existing under the laws of the State of New Jersey, and its principal place of business is located in Sicklerville, New Jersey.

        (b)    Dietrich Building Systems, Inc., now known as Worthington Mid-Rise Construction, Inc., is a corporation organized and existing under the laws of the State of Ohio, and its principal place of business is located in Columbus, Ohio.

      (c)     At the time the Complaint was filed and throughout the subsequent arbitration proceedings, East Coast contended that Dietrich owned East Coast $125,000. *See* Compl. ¶ 7, June 28, 2005 (Ex. A). Additionally, the final arbitration award granted $123,342.34 in attorneys' fees, costs and expenses and $6,955.00 in compensation and expenses for the arbitration proceedings to Dietrich. *See* Final Award of Arbitration, March 26, 2008 (Ex. B).

3.     Section 9 of the Federal Arbitration Act provides that "[i]f no court is specified in the agreement of the parties, then such application [to confirm an arbitration award] may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. No court was specified in the arbitration agreement between the parties, and the award was made within the district of this Court.

4.     On June 28, 2005, East Coast filed its Complaint in a New Jersey state court, alleging that Dietrich had breached the contract between the parties by failing to pay East Coast $125,000 in consideration for construction work it had completed for Dietrich. *See* Compl. (Ex. A).

5.     On January 26, 2006, the parties entered into a written agreement, entered by the state court, to arbitrate their claims and to dismiss East Coast's Complaint with prejudice. *See* Consent Order Dismissing Complaint with Prejudice and For Other Relief, January 26, 2006 (Ex. C).

6.     William J. Postner, an arbitrator from the American Arbitration Association, was chosen by the Petitioner and Respondent to conduct the arbitration proceedings.

7.     Arbitrator Postner conducted an arbitration hearing on June 26-27, 2007, in New York City, New York.

8.     On August 22, 2007, Mr. Postner rendered his Interim Award of Arbitration, denying East Coast's claims against Dietrich and awarding Dietrich reasonable attorneys' fees, costs and expenses. *See* Interim Award of Arbitration, August 22, 2007 (Ex. D).

9.      After documentation was submitted relating to the award of attorneys' fees, costs and expenses, Mr. Postner passed away.   With the consent of the parties, the American Arbitration Association appointed a new arbitrator, William B. Flynn.

10.     Thereafter, on March 26, 2008, Mr. Flynn issued a final arbitration award in this matter, granting Dietrich $123,342.34 in attorneys' fees, costs and expenses and $6,955.00 in compensation and expenses for the arbitration proceedings.  *See* Final Award of Arbitration (Ex. B).

11.     The arbitration award was made in accordance with the terms and provisions of the parties' written agreement and is proper in all respects.

12.     The arbitrator served a signed copy of the award to the parties on March 26, 2008.

13.     No application has been made to the arbitrator for the correction of the award.

14.     No petition has been filed in any court to vacate or modify the arbitration award.

**WHEREFORE**, Petitioner prays for an order confirming the arbitrators' award, for entry of judgment in conformity therewith, for post-judgment interest from the date of the Final Arbitration Award, and for costs and such other relief as the Court may deem proper.   A proposed order and memorandum in support of this petition is filed herewith.

May 22, 2008                          Respectfully submitted,


/s/ Andrew J. Sockol
Andrew J. Sockol  (AS-5771)
Jones Day
222 East 41st Street
New York, NY  10017
212-326-3939

Roy A. Powell
Leon F. DeJulius, Jr.
Jones Day
500 Grant Street, 31st Floor
Pittsburgh, PA  15219
412-391-3939

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Petition to Confirm Arbitration Award was

served via regular mail this 22nd day of May, 2008, upon the following:

> John Kearney, Esq.
> Kearney & Schweitzer, P.C.
> 210 White Horse Pike
> PO Box 279
> Haddon Heights, NJ  08035

> /s/ Andrew J. Sockol
> Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIETRICH BUILDING SYSTEMS, INC. n/k/a WORTHINGTON MID-RISE CONSTRUCTION, INC., | |
| Petitioner, | Civil Action No. 1:08-cv-04800-SHS |
| v. | |
| EAST COAST CONSTRUCTION SERVICES CORP., | |
| Respondent. | |

## <u>ORDER</u>

AND NOW, on this _____ day of _____, 2008, upon due consideration of the Petitioner's, Dietrich Building Systems, Inc., now known as Worthington Mid-Rise Construction, Inc., Petition to Confirm Arbitration Award (Docket No. ____), it is hereby ORDERED that the Petition be, and the same hereby is, GRANTED.

IT IS ORDERED that the Final Award of Arbitration issued by the American Arbitration Association be, and the same hereby is, CONFIRMED.

IT IS ORDERED that all of East Coast Construction Services Corp.'s claims against Dietrich Building Systems, Inc., now known as Worthington Mid-Rise Construction, Inc., are DENIED as determined by the arbitrator.

IT IS FURTHER ORDERED that Dietrich Building Systems, Inc., now known as Worthington Mid-Rise Construction, Inc., is AWARDED $130,297.34 ($123,342.34 in attorneys' fees, costs and expenses and $6,955.00 in compensation and expenses for the arbitration proceedings) as determined by the Final Award of Arbitration. This monetary award

is subject to post-judgment interest of 1.35 percent beginning from the entry of the Final Award

of Arbitration on March 26, 2008.

_____
United States District Court Judge