**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIETRICH BUILDING SYSTEMS, INC. n/k/a WORTHINGTON MID-RISE CONSTRUCTION, INC., | |
| Petitioner, | Civil Action No.  08 CV 4800 |
| v. | Judge Stein |
| EAST COAST CONSTRUCTION SERVICES CORP., | |
| Respondent. | |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS
PETITION TO CONFIRM ARBITRATION AWARD**

The Court should confirm the Final Award of Arbitration entered in this matter on March 26, 2008 by William B. Flynn, an American Arbitration Association arbitrator, regarding the award of attorneys' fees, costs and expenses to Petitioner, Dietrich Building Systems, Inc., now known as Worthington Mid-Rise Construction, Inc. ("Dietrich").

### I.  BACKGROUND

On June 28, 2005, East Coast Construction Services Corp. ("East Coast") filed its Complaint in a New Jersey state court, alleging that Dietrich had breached the contract between the parties by failing to pay East Coast $125,000 in consideration for construction work it had completed for Dietrich. *See* Compl. (Ex. A).  The parties, on January 26, 2006, entered into a written agreement, approved by the state court, to arbitrate their claims and to dismiss East Coast's Complaint with prejudice. *See* Consent Order Dismissing Complaint with Prejudice and For Other Relief, January 26, 2006 (Ex. C).

An arbitration hearing was conducted on June 26-27, 2007, through the American Arbitration Association. William J. Postner, the arbitrator, heard nearly two days of evidence and arguments from the parties. On August 22, 2007, Mr. Postner rendered his interim arbitration award, denying East Coast's claim against Dietrich and awarding Dietrich reasonable attorneys' fees, costs and expenses. *See* Interim Award of Arbitration, August 22, 2007 (Ex. D). Thereafter, in accordance with the provisions of the Interim Award of Arbitration, the parties submitted affidavits and supporting documents regarding Dietrich's reasonable attorneys' fees, costs and expenses to the American Arbitration Association. After documentation was submitted, Mr. Postner passed away. With the consent of the parties, the American Arbitration Association appointed a new arbitrator, William B. Flynn.

Upon reviewing this material, arbitrator Flynn issued a final arbitration award in this matter, granting Dietrich $123,342.34 in attorneys' fees, costs and expenses and $6,955.00 in compensation and expenses for the arbitration proceedings. *See* Final Award of Arbitration, March 26, 2008 (Ex. B). No application has been made to the American Arbitration Association to correct the award nor has a motion been filed with any court contending that the final arbitration award should be vacated or modified.

## II. ARGUMENT

A.  **Legal Standard**

Confirmation of an arbitral award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *The Shaw Group, Inc. v. Triplefine Int'l Corp.*, No. 01 Civ. 4273 (LMM), 2003 WL 22077332, at *1 (S.D.N.Y. Sept. 8, 2003) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). Thus, "review of arbitration awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."

*The Shaw Group*, 2003 WL 22077332, at *1 (internal quotation marks and citation omitted); *Universal Computer Servs., Inc. v. Dealer Servs., Inc.*, No. 02-CV-6563, 2003 WL 21685567, at *2 (E.D.N.Y. Jul. 18, 2003) ("[W]hen presented with a motion to confirm an arbitration award pursuant to section 9 of the FAA, the power of a federal court is extremely limited.").

      B.    **The Court Should Confirm The Arbitration Award.**

Section 9 of the Federal Arbitration Act ("FAA") provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. No application has been made to the arbitrator for the correction of the award, and no petition has been filed in any court to vacate or modify the arbitration award. Furthermore, there is no evidence that any grounds necessary for a court to vacate or modify an arbitration award would be applicable to this matter. Thus, pursuant to the FAA, the Court must confirm the arbitrator's award. *See Universal Computer Servs., Inc.*, 2003 WL 21685567, at *2 (upon proper application of a petition to confirm an arbitration award, a federal court "<u>must</u> grant such an order unless the award is vacated, modified, or corrected . . . ." (quoting 9 U.S.C. § 9)).

      C.    **The Court Should Award Dietrich Post-Judgment Interest.**

Section 1961 of Title 28 provides that "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Under federal law, "a confirmed arbitration award made under the Federal Arbitration Act bears interest from the date of the award not from the date of the judgment confirming it." *Moran v. Arcano*, No. 89 CIV 6717 (CSH), 1990 WL 113121, at *3 (S.D.N.Y. July 27, 1990) (internal quotation marks omitted). Because post-judgment interest is determined by the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of entry of the judgment, the

post-judgment interest rate for Final Award of Arbitration is 1.35 percent (the weekly average one-year constant maturity Treasury yield for the calendar week of March 21, 2008, the week preceding the entry of the Final Award of Arbitration). Thus, this Court should award Dietrich post-judgment interest of 1.35 percent beginning from March 26, 2008, the date of the Final Award of Arbitration.

### III. CONCLUSION

For the reasons set forth above, the Court should confirm the Final Award of Arbitration, dated March 26, 2008.

Dated: May 22, 2008                                  Respectfully submitted,

/s/ Andrew J. Sockol

Jones Day
222 East 41st Street
New York, NY 10017
212-326-3939

Roy A. Powell
Leon F. DeJulius, Jr.
Jones Day
500 Grant Street, 31st Floor
Pittsburgh, PA 15219
412-391-3939

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Petitioner's Memorandum of Law in Support of its Petition to Confirm Arbitration Award was served via regular mail this 22 day of May, 2008, upon the following:

>John Kearney, Esq.
>Kearney & Schweitzer, P.C.
>210 White Horse Pike
>PO Box 279
>Haddon Heights, NJ  08035

/s/  Andrew J. Sockol

Counsel for Defendant

EXHIBIT A

KEARNEY & SCHWEITZER, P.C.
By: John B. Kearney, Esquire
210 White Horse Pike, PO Box 279
Haddon Heights, NJ 08035
(856) 547-7733
Attorneys for Plaintiff, East Coast Construction

| | |
|---|---|
| EAST COAST CONSTRUCTION SERVICES CORP.<br>Plaintiff<br><br>vs.<br><br>DIETRICH BUILDING SYSTEMS, WHITING-TURNER CONTRACTING COMPANY, MELVILLE HOSPITALITY, L.L.C., and JOHN DOES #1-10, Fictitious names of parties to be later Identified<br>Defendants | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION – CAMDEN COUNTY<br>:<br>:<br>: DOCKET NO.<br>:<br>: Civil Action<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: COMPLAINT |

Defendant, East Coast Construction Services Corp., by and through their attorney, Kearney and Schweitzer, P.C. by way of this complaint against the defendants, state:

1. At all times relevant herein, Plaintiff, East Coast Construction Service Corp., is a business entity organized and existing under the laws of the State of New Jersey, with an office in Sicklerville, New Jersey.

2. At all time relevant herein, Defendants, Dietrich Building Systems and Turner-Whiting Construction Corporation, are business entities doing business in the State of New Jersey.

3. At all times relevant herein, Defendant, Melville Hospitality, L.L.C. is a business entity doing business in the State of New Jersey.

4. On or about June 15, 2004, the parties entered into negotiations for

labor

Plaintiff to supply materials and complete work for the Defendants on the Hollywood Suites Project (hereinafter "Project"). Melville Hospitality, L.L.C. owns Hollywood Suites. Defendant, Dietrich Building Systems, hired Plaintiff to perform carpentry work at the Project.

5. A proposal was sent between the Plaintiff and Defendants describing the work to be performed.

6. On or about April 12, 2004, Plaintiff sent correspondence to defendant detailing the dates for delivery of the materials and the construction work to be completed.

7. Defendant, Dietrich Building Systems, agreed to pay the Plaintiff in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00) in consideration of work completed.

8. Plaintiff performed all contracted responsibilities on time and in accordance with the requirements set out in the contract dated April 12, 2004.

9. As per the contact Defendant, Dietrich Building Systems, agreed to provide payment to Plaintiff ten to fifteen days after submission of invoice.

10. Plaintiff is entitled to a 1.5% monthly interest rate for every 30 days payment is past due.

11. Change Orders between Defendant, Dietrich Building Systems, and Plaintiff for additional services supplied by Plaintiff totaled Ninety Six Thousand Three Hundred Seventeen Dollars and Fifty Cents ($96,317.50).

12. As per Plaintiff's Invoice dated May 25, 2005 the total amount due to Plaintiff from Defendant, Dietrich Building Systems, was Two Hundred Thirty Six

Thousand Nine Hundred Ninety One Dollars and Seventy Cents ($236,991.70).

13. Defendant, Dietrich Building Systems, owes Plaintiff Ninety One Thousand Thirty Five Dollars and Fifty-One Cents ($91,035.51) for work completed and equipment supplied.

14. Plaintiff has suffered financial hardship as a result of the continued lack of compensation by defendants for work completed and equipment supplied.

15. Defendants, Dietrich Building Systems, Whiting-Turner Contracting Company, and Melville Hospitality, LLC, have been unjustly enriched by work completed and equipment supplied by Plaintiff.

16. Unjust enrichment experienced by Defendants, Dietrich Building Systems, Whiting-Turner Contracting Company, and Melville Hospitality, LLC, occurs at the expense of Plaintiff.

## COUNT ONE

17. Plaintiffs hereby incorporate each and every paragraph set forth hereinabove by reference.

18. At all times relevant herein, Defendants were under an agreement to financially compensate Plaintiff for equipment supplied and construction services rendered.

19. At all times relevant, Defendants failed to supply the agreed upon financial compensation in a timely manner and as described upon under the contract.

20. Defendants' actions and/or omissions as set forth constituted a breach of contract.

21. As a direct and proximate result of said breach of contract, Plaintiff has

been damaged.

**WHEREFORE**, Plaintiff, East Coast Construction Services Corp., demands judgment against Defendants, Dietrich Building Systems, Whiting-Turner Contracting Company, and Melville Hospitality, LLC, for damages, costs of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT TWO

22. Plaintiffs hereby incorporate each and every paragraph set forth hereinabove by reference.

23. At all times relevant herein, Defendants, John Does #1-10, actions constitute a breach of contract.

24. As a result of said breach Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, East Coast Construction Services Corp., demands judgment against Defendants, John Does #1-10, for damages, costs of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT THREE

25. Plaintiffs hereby incorporate each and every paragraph set forth hereinabove by reference.

26. Defendants' actions constitute unjust enrichment.

27. As a direct and proximate result of said enrichment Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, East Coast Construction Services Corp., demands judgment against Defendants, for damages, costs of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT FOUR

25. Plaintiffs hereby incorporate each and every paragraph set forth hereinabove by reference.

26. Plaintiff performed all services requested by Defendants, Dietrich Building Systems, Whiting-Turner Contracting Company, and Melville Hospitality, L.L.C.

27. Plaintiff has demanded payment.

28. Plaintiff is entitled payment pursuant to the doctrine of Quantum Meruit.

**WHEREFORE**, Plaintiff, East Coast Construction Services Corp., demands judgment against Defendants, for damages, costs of suit, attorney's fees and such other relief as the Court deems equitable and just.

## CERTIFICATION

I hereby certify that the matter in controversy is not subject to any other action or arbitration pending and that no other party should be joined in this action.

KEARNEY & SCHWEITZER, P.C.

By: _____
John B. Kearney, Esquire

Dated: 6/28/05

# EXHIBIT B



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053  facsimile: 401-435-6529
internet: http://www.adr.org/

March 26, 2008

VIA FACSCIMILE

John Kearney, Esq.
Kearney & Schweitzer, P.C.
210 White Horse Pike
PO Box 279
Haddon Heights, NJ 08035

Leon F. Dejulius
Jones Day
One Mellon Center, 31st Floor
500 Grant Street
Pittsburgh, PA 15219

Re: 13 110 02910 06
    East Coast Construction Services Corp.
    and
    Dietrich Building Systems

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Final Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall be directed to the Association.

At this time we have verified with the arbitrators that they have submitted all requests for compensation and expenses in this matter. Accordingly, we have conducted a final reconciliation of the finances and are providing each party with a Financial History and Compensation Summary. If a party had any unused compensation deposits, we have issued a refund check that should arrive in the mail shortly. If a party has an outstanding balance, that party will continue to receive cyclical invoices until the balance is paid.

Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, pursuant to the Rules, will be addressed in the award and will be stated as one party's obligation to reimburse the other party for costs incurred. Any outstanding balances the parties may have with the AAA for the costs incurred during the arbitration proceedings remain due and payable to the AAA even after the final award is issued, and regardless of the arbitrator's apportionment of these costs between the parties in the award.

A copy of your current invoice is enclosed. Please note that the case file will be destroyed fifteen (15) months after the date of this letter.

We appreciate your selection of the AAA as your alternative dispute resolution provider in this matter. As always, please do not hesitate to contact me if you have any questions.

Sincerely,


Craig Cerwonka
Case Manager
401 431 4855
CerwonkaC@adr.org

*Supervisor Information: Brian J. Lonergan, 401 431 4733, LoneerganB@adr.org*

Encl.

## AMERICAN ARBITRATION ASSOCIATION
### Construction Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 13 110 02910 06
    East Coast Construction Services Corp. ("Claimant")
    and
    Dietrich Building Systems ("Respondent")

### FINAL AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated April 12, 2004, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and an Interim Award having been previously rendered on August 22, 2007, do hereby, FIND, as follows:

For Respondent: Respondent's claim for attorneys fees, costs and expenses in the amount of $123,342.34 as the prevailing party in the arbitration.

Accordingly, I hereby AWARD as follows:

    Claimant shall pay to Respondent the sum of One Hundred Twenty Three Thousand Three Hundred Forty Two Dollars And Thirty Four Cents ($123,342.34).

The administrative fees of the American Arbitration Association totaling $4,050.00 and the compensation and expenses of the arbitrator totaling $11,160.00 shall be borne by Claimant. Therefore, Claimant shall reimburse Respondent the sum of $6,955.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Respondent.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

3/26/08
Date

William B. Flynn

I, William B. Flynn, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Final Award.

3/26/08
Date

William B. Flynn

# EXHIBIT C

KEARNEY & SCHWEITZER, P.C.
By: John B. Kearney, Esquire
210 Haddon Heights, NJ 08035
(856) 547-7733
Attorneys for Plaintiff, East Coast Construction

FILED
BY JUDGE SUPERIOR COURT OF NJ
TRUE COPY
SUPERIOR COURT OF NEW JERSEY
JAN 26 2006

| | |
|---|---|
| EAST COAST CONSTRUCTION SERVICES CORP., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - CAMDEN COUNTY |
| Plaintiff, | DOCKET NO. L-5757-05 |
| v. | Civil Action |
| DIETRICH BUILDING SYSTEMS, WHITING-TURNER CONTRACTING COMPANY, MELVILLE HOSPITALITY, L.L.C., and JOHN DOES #1-10, fictitious names of parties to be later identified | CONSENT ORDER DISMISSING COMPLAINT WITH (OR) PREJUDICE and FOR OTHER RELIEF |
| Defendants. | |

**THIS MATTER** having come before the Court upon the application of the parties, John B. Kearney, Esquire, appearing for Plaintiff and Roy A. Powell, Esquire, for defendants, and the Court having considered the matter and there appearing to be good cause:

**IT IS** on this _26th_ day of _January_, 2006, **ORDERED**:

1. This matter is dismissed with prejudice at to all parties. The parties agree that this Order and the enforcement of any arbitration award can be enforced in any court of competent jurisdiction.

2. Plaintiff, East Coast Construction Services Corp. ("East Coast"), and defendant, Dietrich Building Systems, Inc. ("DBS"), agree to pursue mediation and, in the event mediation fails, agree to submit to binding arbitration. Defendants Whiting-Turner Contracting Company and Melville Hospitality L.L.C. will not be a party to the aforementioned mediation or arbitration.

PH-1129636v1

3.  East Coast and DBS shall agree upon a mediator within 30 days of the date of this Order. In the event that East Coast and DBS cannot agree upon a mediator, they agree to have a mediator appointed under the American Arbitration Association's Construction Industry Mediation Procedures.

4.  In the event that mediation fails, East Coast and DBS shall submit the matter to binding arbitration. East Coast and DBS shall agree upon an arbitrator or a procedure to select an arbitrator within 30 days of the failed mediation. In the event that East Coast and DBS cannot agree upon an arbitrator, they agree to have an arbitrator appointed under the American Arbitration Association's Construction Industry Arbitration Rules.

| I hereby consent to the form and entry of the above Order. | I hereby consent to the form and entry of the above Order. |
|---|---|
| JONES DAY<br>By:<br><br>_____<br>ROY A. POWELL, ESQUIRE<br>Attorney for Defendants | KEARNEY & SCHWEITZER, P.C.<br>By:<br><br>_____<br>JOHN B. KEARNEY, ESQUIRE<br>Attorney for Plaintiff |

_____
F. J. Fernandez-Vina, J.S.C.

# EXHIBIT D

Case 1:08-cv-04800-SHS    Document 4-2    Filed 06/02/2008    Page 13 of 14

# AMERICAN ARBITRATION ASSOCIATION
## Construction Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 13 110 02910 06
East Coast Construction Services Corp. ("Claimant")
and
Dietrich Building Systems ("Respondent")

## INTERIM AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated April 12, 2004, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby issue this INTERIM AWARD, finding as follows:

1. Claimant's claim in the amount of $100,000.00 is HEREBY DENIED in its entirety.

2. As Respondent elected not to offer any evidence with respect to its counterclaim, the counterclaim of $75,000.00 is denied in its entirety.

3. Respondent is hereby declared to be the prevailing party entitled to recover from Claimant reasonable attorneys' fees, costs and expenses pursuant to paragraph 13.10 of the parties' agreement.

4. Respondent shall serve an affidavit setting forth the attorneys' fees, costs and expenses to which it claims to be entitled, with supporting documentation, not later than September 14, 2007 and will simultaneously submit a copy to the American Arbitration Association case manager to be forwarded by him to the arbitrator.

5. Claimant shall serve its opposition to Respondent's request for attorneys' fees, costs and expenses not later than October 5, 2007 and will simultaneously submit a copy to the American Arbitration Association case manager to be forwarded by him to the arbitrator.

This Award shall remain in full force and effect until such time as a final Award is rendered.

8/22/07
Date

William J. Postner

I, William J. Postner, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Interim Award.

8/22/07
Date

William J. Postner